IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEREMY A. GEBHART, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-708 |
| WARDEN RICK MILLER, et al. | * | |
| Respondents. | * | |

**MEMORANDUM OPINION**

Petitioner Jeremy A. Gebhart seeks habeas relief pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his 2013 convictions in the Circuit Court for Carroll County. (ECF No. 1). Respondents filed a Limited Answer claiming that the Petition is subject to dismissal for the failure to exhaust available state court remedies. They argue that Gebhart still has available state court remedies because he may file post-conviction proceedings. (ECF No. 6). Gebhart was given the opportunity to respond to Respondents' arguments, and he has done so. (ECF No. 7).

This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D.Md. 2014); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Court will dismiss without prejudice Gebhart's Petition.

**I.   BACKGROUND**

Gebhart was found guilty of second-degree assault (two counts) and resisting arrest (one count) in the Circuit Court for Carroll County. On December 12, 2013, he was sentenced to a five-year term. (ECF Nos. 6-1, 6-2, & 6-3). On direct appeal, Gebhart raised four claims for review: (1) sufficiency of the evidence; (2) trial court error for the failure to instruct the jury on

all three definitions of assault; (3) trial court error for the failure to merge the assault and resisting arrest convictions;[1] and (4) trial court error for the imposition of an illegal sentence on the resisting-arrest conviction. (ECF Nos. 6-2 & 6-3).

On January 15, 2015, the Court of Special Appeals of Maryland granted Gebhart sentencing relief as to the failure to merge one of the second-degree assault convictions with resisting arrest, but otherwise affirmed his judgment of conviction. (ECF No. 6-3). On April 20, 2015, the Court of Appeals of Maryland denied further review. (Id.).

On November 25, 2015, Gebhart filed a post-conviction petition in the Circuit Court for Carroll County, raising claims identical to those presented on direct appeal, with an additional due process and ineffective assistance of counsel ground. (ECF No. 6-4). On December 28, 2015, the Circuit Court denied Gebhart's request for a waiver of costs and ordered the post-conviction petition be deemed withdrawn unless the costs were remitted. (Id.). On January 19, 2016, Gebhart filed an application for leave to appeal, which was stricken due to the failure to pay costs. On March 28, 2016, the Court of Special Appeals of Maryland issued an order dismissing Gebhart's application for leave to appeal. (Id.).

Gebhart's Petition for federal habeas corpus relief, when generously construed, raises five claims: (1) trial court error when it failed to instruct the jury on all varieties of second-degree assault; (2) his ex-post-facto rights were violated; (3) violation of due process rights due to his pre-trial detention; (4) law enforcement violation of his constitutional rights by recording his statement, when he was "fatigued," and introducing the statement as evidence by the State; and (5) his bail was excessive, resulting in his being unlawfully detained in pre-trial detention. (ECF No. 1 at 8–13).

---

[1] This claim also included an allegation that the failure to instruct the jury on all of the variations of assault constituted an ex-post-facto law. (ECF No. 6-2).

## II.     DISCUSSION

A.     <u>**Exhaustion of State Remedies**</u>

Respondents contend that Gebhart's third, fourth, and fifth claims are unexhausted. (ECF No. 6 at 9).  Gebhart does not seek to withdraw his purportedly unexhausted claims.  Rather, his Reply seemingly claims that his Petition is sufficiently "worthy" to proceed pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases.[2]  (ECF No. 7).

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'"  <u>Slavek v. Hinkle</u>, 359 F.Supp.2d 473, 479 (E.D.Va. 2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 491–92 & n.10 (1973)).  The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).

Exhaustion comprises two components.  First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief."  <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998) (citing <u>Matthews v. Evatt</u>, 105 F.3d 907, 910–11 (4th Cir. 1997)).  Under this component of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Lack of exhaustion precludes federal habeas relief.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").

---

[2] Rule 5(e) permits a Petitioner to submit a Reply to the Respondent's Answer.

The second component of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the precise constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. See Matthews, 105 F.3d at 911; Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994). Exhaustion demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 994–95 (4th Cir. 2001). The exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief, but rather a matter of comity. See Granberry v. Greer, 481 U.S. 129, 134–35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser, 411 U.S. at 490.

Exhaustion is not required if at the time a federal habeas corpus petition is filed a petitioner has no available state remedy. See Teague v. Lane, 489 U.S. 288, 297–98 (1989); Bassett v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Furthermore, "[a]n applicant shall not

be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see O'Sullivan, 526 U.S. at 844 ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claim.").

Additionally, where state court review remains available, a mixed federal habeas petition—i.e. one presenting both exhausted and unexhausted claims—must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. See Pliler v. Ford, 542 U.S. 225, 230 (2004); Rose v. Lundy, 455 U.S. 509, 522 (1982).

The Court finds that Gebhart's third, fourth, and fifth claims have not been previously argued in state court. The claims are unexhausted, the State has not waived the defense, and Gebhart has failed to articulate special circumstances which would excuse exhaustion. Inasmuch as the record shows that Gebhart's first post-conviction petition was withdrawn, this § 2254 Petition shall be dismissed without prejudice to give Gebhart the opportunity to exhaust his claims in state court by seeking post-conviction relief under Md. Code Ann., Crim. Proc. Art., § 7-101, et seq.

### III.   CONCLUSION

The instant Petition for habeas corpus relief will be dismissed without prejudice. When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683

(4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. The Court, therefore, declines to issue a Certificate of Appealability. A separate Order follows.

Entered this 30th day of November, 2016

/s/
_____
George L. Russell, III
United States District Judge